**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNILOC USA, INC. and UNILOC LUXEMBOURG S.A.,** | § § § | |
| *Plaintiffs,* | § | **Civil Action No. 6:13-cv-259 [LED]** |
| | § | |
| **v.** | § § | |
| **ELECTRONIC ARTS, INC.,** | § § § | |
| *Defendant.* | § § | |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR PREJUDGMENT AND POST-JUDGMENT INTEREST,**
**AND FOR AN AWARD OF COSTS**

**INTRODUCTION**

EA does not dispute that Uniloc is entitled to prejudgment and post-judgment interest once a judgment against EA is entered.  It challenges only the Court's "standard practice" of awarding prejudgment interest at the prime rate, compounded quarterly.  But an award under that "practice" fits comfortably within the Court's discretion, and EA advances no convincing reason for rejecting the Court's standard practice here.

EA likewise provides no basis for denying Uniloc an award of costs.  Uniloc was indisputably the prevailing party, the jury awarding every dollar sought for Origin's infringement.  Uniloc lost only a single issue—whether the Access system infringed.  But a patentee need not sweep every single issue or claim to recover its litigation costs under 35 U.S.C. § 284.  EA cannot show that the parties devoted undue or disproportionate resources to this case in general, or issues concerning only Access in particular, and EA has made no attempt to tease out some artificial line isolating costs devoted exclusively to

Access, not Origin.  Uniloc prevailed at trial and obtained a significant award from the jury; costs are appropriate, and there is no reason to apportion those costs on this record.

## I.     There Is No Reason to Depart from the Court's "Standard Practice" on Prejudgment Interest.

Prejudgment interest is designed to place the patentee in the same position she would have occupied had the infringer paid a reasonable royalty instead of infringing. *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991).  As Uniloc previously explained (Dkt. 102 at 2), the Court enjoys substantial discretion in fashioning an award of prejudgment interest, and the Court's longstanding "practice" of awarding prejudgment interest at the prime rate, compounded quarterly, falls well within its discretion.

EA cites a few examples in which courts have awarded prejudgment interest at the lower Treasury yield rate, but that rate is not the proper starting point for determining prejudgment interest.  The Treasury yield rate is statutorily required under 28 U.S.C. § 1961(a) only for *post-judgment* interest, not *prejudgment* interest.  A party is not required to prove that it borrowed money at a higher rate, or earned some higher investment return, to claim a greater prejudgment interest award.  The appropriate question is identifying the rate that makes the patentee whole.  As this Court's "standard practice" reflects, the Treasury yield rate is far lower than the interest rate that private parties pay to borrow money, and is almost invariably much lower than a patentee's "foregone investment opportunity."  *Internet Machs. LLC v. Alienware Corp.*, No. 6:10-cv-23, 2013 WL 4056282, *22 (E.D. Tex. 2013).  That is why this Court has considered, and rejected, arguments like EA's in other cases.  *See, e.g.*, *Fractus, S.A. v. Samsung Elecs. Co., Ltd.*, 876 F. Supp. 2d 802, 856 (E.D. Tex. 2012).

Indeed, because this Court has a "standard practice," the burden falls on EA to justify a *departure* from that practice.  It has not explained why a lower rate is appropriate in this setting, aside from suggesting that Uniloc did not borrow at a higher rate—a limited point failing to address the *entirety* of make-whole compensation.  And it especially has not explained how a lower rate would be consistent with the jury's verdict, which contained an award of prejudgment interest at the prime rate (although the jury's figure only included interest up to the date of trial).  Anything less would therefore be inconsistent with the jury's determination on this issue.

Uniloc also requests that prejudgment interest be compounded quarterly, even though Dr. Kerr assumed annual compounding in his expert opinion on damages.  Uniloc submits that this Court's "standard practice" of quarterly compounding better reflects the costs that borrowers face in the public-lending market and the true value of Uniloc's lost investment opportunities.  There is every reason to believe that the jury would have responded accordingly had it been presented with these considerations.  Accordingly, the Court should retain its "standard practice" in this matter, and Uniloc should be awarded prejudgment interest at the prime rate, compounded quarterly.

## II.   Uniloc, As the Prevailing Party, Is Entitled To Recover Its Costs.

A prevailing party is typically awarded its costs "as a matter of course" absent a concrete reason to upset that default.  *Eolas Techs., Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 804 (E.D. Tex. 2012).  And 35 U.S.C. § 284 makes that award mandatory "upon finding for the claimant" in infringement litigation.  As a general rule, a party need not succeed on all claims to be entitled to costs—rather, the party need only receive "some relief" that "alters the legal relationship between the parties" in a way that "directly benefits" the party over the opposing party.  *Shum v. Intel Corp.*, 629 F.3d 1360, 1367-68

(Fed. Cir. 2010) (concerning awards of costs under Fed. R. Civ. P. 54(d)); *see also Delta-X Corp. v. Baker Hughes Prod. Tools, Inc.*, 984 F.2d 410, 413-14 (Fed. Cir. 1993) (holding that the standards for awards of costs under Section 284 are similar to the standard for awards of costs under Rule 54(d)).

Uniloc—by *winning* at trial—indisputably received "some relief" and "altered the legal relationship" between EA and Uniloc.  Uniloc defeated each of EA's arguments concerning the Origin system, both at summary judgment and at trial.  (Dkt. 91, Case No. 6:13-cv-00256, Dkt. 579)  Uniloc convinced the jury that Origin infringed and that Section 287's damages limitations did not apply.  It successfully defended the validity of the '216 Patent against EA's four counterclaims (convincing EA to drop all but one), and was awarded every dollar it sought from the jury.  Uniloc only lost on a single issue—the Access system's infringement.  That single setback is not enough to deprive Uniloc of its entitlement to costs, after proving infringement in full on a seven-figure damages claim. *See Shum*, 629 F.3d at 1367.

Contrary to EA's contention, there is no reason to apportion costs to those addressing Origin, not Access.  Such apportionment unnecessarily consumes judicial and party resources; it is often time-consuming and somewhat artificial, especially in a case, as here, with overlapping issues.  Courts have found this task appropriate only in limited circumstances, when the "costs incurred are greatly disproportionate to the results obtained. *See Kemin Foods, L.C. v. Pigmentos Vegetalis Del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (Fed. Cir. 2006).  Aside from comparing the potential damages exposure attributable to each system, EA makes no effort to show that either party devoted disproportionate *resources*—in terms of time, energy, or money—to *any* issue.  Uniloc accused EA of

4

infringement, and EA refused to admit its wrongdoing.  The jury has now vindicated Uniloc's position, and it is entitled to costs.[1]

## CONCLUSION

For the reasons stated in Uniloc's opening motion and this reply, Uniloc requests an award of prejudgment interest at the prime rate, compounded quarterly (or, alternatively, compounded annually), and an award of costs and post-judgment interest at the statutory rate provided in 28 U.S.C. § 1961.

---

[1] Under Section 284, costs are awarded in addition to damages.  EA is thus incorrect to the extent it suggests that costs are strictly limited to those associated with the damages award.

Respectfully submitted,

/s/ J. Carl Cecere

**James L. Etheridge**
  Bar No. 24059147
jim@EtheridgeLaw.com
**Etheridge Law Group, PLLC**
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Tel: (817) 470-7249
Fax: (817) 887-5950

  **J. Carl Cecere**
    State Bar No. 24050397
**Cecere PC**
6035 McCommas Blvd.
Dallas, Texas 75206
Telephone: 469.600.9455
ccecere@cecerepc.com

  **E. Leon Carter**
    State Bar No. 03914300
  lcarter@carterscholer.com
**Ryan S. Loveless**
    State Bar No. 24036997
rloveless@carterscholer.com
**J. Robert Arnett II**
    State Bar No. 01332900
barnett@carterscholer.com
**John S. Torkelson**
    State Bar No. 00795154
jtorkelson@carterscholer.com
**Linda R. Stahl**
    State Bar No. 00798525
lstahl@carterscholer.com
**Courtney Barksdale Perez**
    State Bar No. 24061135
cperez@carterscholer.com
**Rachany T. Son**
    State Bar No. 25081969
rson@carterscholer.com
**Carter Scholer Arnett Hamada &**
  **Mockler, PLLC**
8150 N. Central Expy, 5th Floor
Dallas, Texas 75206
Tel: 214.550.8188
Fax: 214.550.8185

*Counsel for Plaintiffs Uniloc USA,*
*Inc. and Uniloc Luxembourg S.A.*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on January 29, 2014.

*/s/ J. Carl Cecere*

**J. Carl Cecere**