IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNILOC USA, INC. and UNILOC LUXEMBOURG S.A.,** § § § | |
| *Plaintiffs,* § | Civil Action No. 6:13-cv-259 [LED] |
| § | |
| v. § | |
| § | |
| **ELECTRONIC ARTS, INC.,** § § § | |
| *Defendant.* § § | |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' RENEWED MOTION
FOR JUDGMENT AS A MATTER OF LAW THAT DEFENDANT
HAS ABANDONED ITS INVALIDITY COUNTERCLAIMS
UNDER 35 U.S.C. §§ 102, 103, AND 112**

**INTRODUCTION**

In these proceedings, EA consumed significant time and resources asserting a series of invalidity counterclaims only to strategically abandon those counterclaims before trial. These freestanding claims were not merely "defenses" to infringement allegations, and each claim applied equally to Uniloc's contentions under the Origin and Access systems. EA had every opportunity to litigate these stand-alone claims at trial, and its tactical decision to forfeit those defenses was its own.

In its response, however, EA has now confirmed that it wishes to revisit its strategic waiver in the event of a future retrial after appeal. But in this context, it is too late to seek a second bite at the apple. EA elected against preserving its counterclaims, and it cannot undo that decision if the Federal Circuit remands the case for new proceedings on specific issues—that is simply not grounds for EA to get a second chance to try the case a new way. EA's response demonstrates why judgment as a matter of law is appropriate. This Court

should rule that EA has waived and abandoned its invalidity counterclaims (except for its Section 101 counterclaim) and dismiss those claims with prejudice.

## ARGUMENT AND AUTHORITIES

Contrary to EA's contention, there is no unfairness to holding EA to its tactical decision to abandon its own counterclaims. This is not undue punishment for narrowing the case.[1] If EA wished to reserve those counterclaims for another day, it could have preserved them by simply dismissing those claims before verdict. But having asserted these defensive counterclaims and developed them (at great expense) before trial, EA had the obligation to bring those claims to verdict or forfeit them in these proceedings. These are not merely defenses relevant to certain issues, but not others. These are stand-alone attacks on the patent itself, and thus apply equally to *any* infringement allegations under the patent. EA sought out a forum for its counterclaims (again, not merely *defenses*), and it cannot claim prejudice via its own miscalculation of the stakes after burdening the parties and the court with a full jury trial.

Nor will an abandonment ruling discourage others from narrowing issues in future trials. A trial reflects a significant expenditure of judicial and party resources. It imposes a solemn obligation on the community, and it represents the opportunity for parties to raise and resolve the claims at the core of a dispute. Parties will appropriately narrow issues to avoid distracting the jury (or wasting the court's time) with marginal issues. But parties cannot take one tack at a first trial only to revisit the entire constellation of claims after a

---

[1] Contrary to EA's contention, Uniloc does not concede that EA has "preserved its § 101 arguments for appeal." (Dkt. 106 at 2 n.1) Quite the contrary, EA failed to preserve its Section 101 attack by failing to raise the issue in a timely Rule 50(b) motion (Dkt. 116 at 25)—and EA cannot overcome that failure by looking back to its Rule 56 motion (*see* Dkt. 100 at 6-7). The fact that EA's Section 101 defense is not invalid on the *additional* ground in this motion (abandonment) is beside the point.

fortuitous remand, especially when they have not taken simple steps to preserve their rights. EA was assuredly aware that its invalidity counterclaims, if successful, would destroy Uniloc's infringement claims under Origin and Access alike. Yet it elected not to put those issues before the jury. It cannot hope to prevail on those same issues in a second trial (even on Access) that could have been potentially avoided by raising its counterclaims at the appropriate time.

Finally, EA is incorrect that this case is distinguishable from *Silicon Graphics, Inc. v. ATI Technologies, Inc.*, 607 F.2d 784 (Fed. Cir. 2010), where invalidity counterclaims were deemed abandoned in directly analogous circumstances. While EA is correct that the Federal Circuit was reviewing the district court's finding, the case cannot be explained away by the standard of review. The Federal Circuit's *reasoning* firmly supported the district court's outcome all on its own: "[i]t is a claimant's burden to keep the district court clearly apprised of what parts of its claim it wishes to pursue and which parts, if any, it wishes to reserve for another day," and a claimant has a duty to "expressly request that the district court dismiss those counterclaims without prejudice" if it sought to preserve them for later use. *Id*. at 801. Indeed, the Fifth Circuit—the regional circuit whose law is to be applied in determining whether waiver has occurred—held in *Vaughn v. Mobil Oil Exploration & Producing Southeast, Inc.*, that a court "can *only* construe [a claimant's] failure to urge its claims before the district court as an intention to abandon that part of the case." 891 F.2d 1195, 1198 (5th Cir. 1990). As in *Silicon Graphics* and *Vaughen*, EA's failure to assert its counterclaims can only be construed as an intention to abandon those claims.

Nor is *Silicon Graphics* distinguishable on the basis that the claimant there, unlike EA, had failed to show that the "trial landscape" affected its decision to withhold its invalidity defenses. EA now insists that the "trial landscape" would look dramatically different if certain rulings (such as the Access ruling) are reversed on appeal. But if EA's invalidity counterclaims had any merit (which they do not), EA could have avoided a $4.9-million jury verdict in this case by timely asserting them. This is not a situation in which a party may fairly claim surprise because the stakes were wholly insubstantial at the time of a first trial. This was a major trial with a serious damages award; the Access non-infringement ruling was always a predictable subject of a future appeal. EA had meaningful incentives to pursue these issues at the right time.

## CONCLUSION

For these reasons, and those presented in Uniloc's motion, Uniloc respectfully requests that the Court grant Uniloc's renewed motion for judgment as a matter of law and enter judgment that, because EA failed to present any evidence or argument on its counterclaims under 35 U.S.C. §§ 102, 103, and 112,

> EA has waived and abandoned those counterclaims, and thus failed to prove that the '216 Patent is invalid on any ground raised in those counterclaims; and

> the Court should dismiss those claims with prejudice.

Respectfully submitted,

/s/ J. Carl Cecere

| | |
|---|---|
| **James L. Etheridge**<br>  Bar No. 24059147<br>jim@EtheridgeLaw.com<br>**Etheridge Law Group, PLLC**<br>2600 E. Southlake Blvd., Suite 120 / 324<br>Southlake, Texas 76092<br>Tel: (817) 470-7249<br>Fax: (817) 887-5950 | **J. Carl Cecere**<br>  State Bar No. 24050397<br>**Cecere PC**<br>6035 McCommas Blvd.<br>Dallas, Texas 75206<br>Telephone: 469.600.9455<br>ccecere@cecerepc.com<br><br>**E. Leon Carter**<br>  State Bar No. 03914300<br>lcarter@carterscholer.com<br>**Ryan S. Loveless**<br>  State Bar No. 24036997<br>rloveless@carterscholer.com<br>**J. Robert Arnett II**<br>  State Bar No. 01332900<br>barnett@carterscholer.com<br>**John S. Torkelson**<br>  State Bar No. 00795154<br>jtorkelson@carterscholer.com<br>**Linda R. Stahl**<br>  State Bar No. 00798525<br>lstahl@carterscholer.com<br>**Courtney Barksdale Perez**<br>  State Bar No. 24061135<br>cperez@carterscholer.com<br>**Rachany T. Son**<br>  State Bar No. 25081969<br>rson@carterscholer.com<br>**Carter Scholer Arnett Hamada &<br>  Mockler, PLLC**<br>8150 N. Central Expy, 5th Floor<br>Dallas, Texas 75206<br>Tel: 214.550.8188<br>Fax: 214.550.8185<br><br>*Counsel for Plaintiffs Uniloc USA,<br>Inc. and Uniloc Luxembourg S.A.* |

5

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on January 29, 2014.

*/s/ J. Carl Cecere*

**J. Carl Cecere**