IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNILOC USA, INC. et al.** | § | |
| | § | Civil Action No. 6:13-cv-259 [LED] |
| v. | § | |
| | § | Portions Filed Under Seal |
| **ELECTRONIC ARTS, INC.,** | § | |

**UNILOC'S RESPONSE TO EA'S NOTICE OF
SUPPLEMENTAL AUTHORITY**

In response to Electronic Arts, Inc.'s ("EA") Notice of Supplemental Authority ("Notice") and corresponding arguments, Uniloc USA, Inc. and Uniloc Luxembourg S.A. ("Uniloc") respectfully inform the Court that the supposedly "new" authority EA references has no impact on the outcome of this case. And, the new non-infringement position presented in the Notice (1) directly contradicts EA's earlier positions, (2) has been improperly introduced, and (3) conflicts with both the '216 Patent Specification and the Court's claim construction.

First, EA's new non-infringement position provided in the Notice directly contradicts its earlier interpretation of the '216 Patent's "mode switching means" limitation. In particular, in support of EA's argument that Uniloc's own product, SoftAnchor, practices the mode switching means of the '216 Patent, EA's own expert, Dr. Melvin Ray Mercer, opined that the limitation was met even though one module was responsible for the comparison structure while *several* separate modules were responsible for the "functional" portions. See Exhibits A and B to Declaration of Ryan Loveless.[1]  EA's validity expert, Dr. Cromarty, similarly concluded that *several* separate

---

[1] Filed under seal.

modules on separate computers could satisfy the mode switching means. *Id.* at Exhibits D-E.[2] But EA now inexplicably argues that these scenarios cannot practice the '216 Patent.

Second, in retreating fashion, this new non-infringement position is improperly introduced. EA admits that this theory was only first mentioned in conclusory fashion in its JMOL reply brief although it apparently now forms the centerpiece of its non-infringement efforts.[3]

Third, EA's new position runs counter to both the Court's claim construction and the '216 Patent Specification. Neither requires the *singularity* features EA now attempts to import into the claims. To this end, the *MobileMedia* case[4] cited in the Notice is helpful to Uniloc – not EA. In *MobileMedia*, the Federal Circuit looked to the specification in determining the scope of the means-plus-function claim term. If EA's new interpretation were adopted, the claims would no longer read on embodiments of the specification.

For these reasons, Uniloc respectfully submits that the jury's verdict should be upheld and that EA should not be allowed to introduce unbriefed new theories that contradict its earlier positions.

Dated March 23, 2015

                                       */s/ Ryan S. Loveless*

                                       James L. Etheridge
                                       Texas State Bar No. 24059147
                                       Ryan S. Loveless
                                       Texas State Bar No. 24036997

---

[2] As described in the declaration, Dr. Cromarty uses different modules from different computers in alleging that certain references satisfy the mode switching means.

[3] EA also incorrectly argues that Uniloc is only alleging that a combination of Origin and Access infringe. Uniloc has articulated that other scenarios such as Origin (alone) and Origin and SecuRom infringe. The Court may recall in the JMOL hearing that EA did not respond to the Court's requests for EA to address such arguments.

[4] *MobileMedia Ideas LLC v. Apple Inc.*, Nos. 2014-1060, 2014-1091 (Fed. Cir. Mar. 17, 2015).

Brett A. Mangrum
Texas State Bar No. 24065671
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com

**J. Carl Cecere**
State Bar No. 24050397
Cecere PC
6035 McCommas Blvd.
Dallas, Texas 75206
Telephone: 469.600.9455
ccecere@cecerepc.com

**ATTORNEYS FOR PLAINTIFFS
UNILOC USA, INC. and UNILOC
LUXEMBOURG S.A**

## CERTIFICATE OF SERVICE

I certify that on March 23, 2015, the foregoing document was served upon all counsel of record via electronic mail and the court's ECF system.

*/s/ Ryan S. Loveless*

Ryan S. Loveless